DUFFY, Appellant, vs. RYAN, Respondent.

*February 26 — March 17, 1891.*

*Justice's court: Nonsuit: Costs: Appeal.*

1. Where, in an action brought in justice's court, issue was joined and an adjournment had, and on the adjourned day plaintiff's motion for leave to file an amended complaint was granted on condition that he pay costs, and an adjournment was granted on defendant's motion, but plaintiff objected to such adjournment and excepted to the order requiring him to pay costs, and moved for leave to withdraw the amended complaint and proceed to trial on the original one, to which defendant successfully objected, and thereupon the cause was continued until 1 o'clock of the same day, at which time the defendant declared himself ready for trial, but plaintiff refused to proceed, *held*, that judgment of nonsuit and for costs was properly rendered against plaintiff.

2. Where, in such case, it does not appear that the defendant insisted on payment of costs by plaintiff before he could proceed in the action, and such costs were not in fact included in the judgment, the plaintiff cannot complain thereof on appeal.

3. A plaintiff who appealed to the circuit court from a judgment of nonsuit rendered against him in justice's court, and, the judgment being there affirmed, did not upon taxation of costs, after due notice thereof, object to the allowance to defendant of $10 for attorney's fees in the justice's court, either before the clerk or the circuit court, cannot raise that objection on appeal to the supreme court.

APPEAL from the Circuit Court for *Rock* County. The case is fully stated in the opinion.

*Frank Duffy,* appellant, *in pro. per.*

For the respondent there was a brief by *Doe & Sutherland,* and oral argument by *J. B. Doe.*

TAYLOR, J. The appellant commenced an action for trespass against the respondent in justice's court, claiming damages for $200. On the return day of the summons the parties joined issue in the case, and the action was adjourned by the justice until the 10th of October, 1888, at 10 o'clock

Duffy vs. Ryan.

A. M. On the return day the parties appeared, and the plaintiff offered and filed an amended complaint. The defendant thereupon satisfied the court by oath that an adjournment would be necessary in consequence of the amendment. The amendment was allowed on condition that the plaintiff pay costs, fixed by the justice at $12. Plaintiff objected to the adjournment, and also to the order of the justice that he should pay $12 costs. The plaintiff then moved to withdraw his amended complaint, and proceed to trial on the original complaint. The defendant objected, and the objection of the defendant was sustained, and thereupon the case was continued to 1 o'clock P. M. of the same day. At 1 o'clock P. M. the parties appeared, and the defendant was ready to proceed to the trial of the action. The plaintiff was also present, but after repeated requests by the justice to proceed with the trial of the action, and after waiting until after twenty minutes past 1 o'clock P. M., and the plaintiff failing to proceed in the action, on motion of the defendant the justice dismissed the case for lack of prosecution, and rendered a judgment of nonsuit against the plaintiff, and entered a judgment for the costs of the action against said plaintiff for the sum of $6.23, being the amount of the fees of the justice and of the marshal for serving the summons.

From this judgment the plaintiff appealed to the circuit court. No affidavit for a new trial in that court was made by the plaintiff, as required by law, and the case was therefore tried upon records and papers returned by the justice. The circuit court affirmed the judgment of the justice, and rendered judgment in favor of the defendant and against the plaintiff and his surety for the sum of $23.90, for the costs and disbursements of the defendant in said action in the circuit court. From this judgment the plaintiff appeals to this court.

The appellant alleges as error that the justice erred in

dismissing his action and entering a judgment of nonsuit against him in said court for costs, and that the circuit court erred in not reversing the judgment of the justice for that cause; and, second, that the circuit court erred in including in the judgment in favor of the defendant for his costs and disbursements in that court the sum of $10 as his attorney's fees in the justice's court.

Under the record returned by the justice we do not see what else the justice could have done, under the circumstances, except to render judgment against the plaintiff. The case was at issue either upon the original or the amended complaint. The defendant was present, and ready for trial. The justice called upon the plaintiff to proceed with his case. This he declined to do. In that emergency the only thing the justice could do was to enter judgment against the plaintiff for the costs of the action. The plaintiff claims that he was not allowed to proceed with the action, unless he first paid the sum of $12 costs to the defendant. This does not appear from the record, and evidently it was not insisted on by the defendant, as no adjournment was in fact had in the case, and the defendant declared himself ready for the trial. To avail himself of the contention he now makes, the plaintiff should, when called upon by the justice to proceed with his action, have offered his testimony in support of his complaint, and if, upon making such offer, the justice had refused to permit him to make his proofs without first paying the $12, the plaintiff would then have been in a position to question the legality of such order of the justice. As the case now stands, it does not appear that any such demand was made by the justice upon the plaintiff as a condition of proceeding in the action, and in the judgment rendered against the plaintiff the said $12 is not included as due the defendant for his costs in the action. .

The objection to the judgment in the circuit court, that

$10 were improperly taxed as attorney's fees, cannot be raised upon this appeal.   The costs and disbursements were taxed by the clerk of the court upon notice and upon service of a copy of the bill of costs sought to be taxed by the defendant upon the attorneys for the plaintiff.   The record does not disclose that any objection was made on the part of the plaintiff before the clerk to the taxation of said $10, nor was any application made to the court, by way of appeal or otherwise, to have said $10 stricken from the costs of the defendant.   The appellant is not in any position, so far as the record discloses, to complain of the insertion of said sum of $10 in the defendant's judgment for costs. Whether the defendant could lawfully, and against proper objections, have included said sum of $10 in his judgment for costs in the circuit court, cannot be decided on this appeal.

*By the Court.*— The judgment of the circuit court is affirmed.